## W. H. HOGAN *v.* G. W. CARRAS.

In every sale of a seaworthy steamer, where time is given for the payment of the price, it is to be considered as having been in the contemplation of the parties, that the vessel was to be employed in navigation, and even if that navigation extends beyond the waters of the State, in the absence of any allegation of fraud or insolvency, the vendor will not be permitted to attach the boat where the price is not yet due, by swearing that the debtor is about to remove his property out of the State before the debt becomes due.

APPEAL from the Fourth District of New Orleans, *Reynolds*, J. *Chilton & Harrison*, for plaintiff and appellant. *R. & H. Marr*, for defendant.

LEA, J. The plaintiff, who is a resident of the State of Mississippi, acting as the agent of third parties, sold to the defendant, who is also a resident of the State of Mississippi, the steamboat P. C. Wallis, and in part payment of the price, received a note dated March 10th, 1856, payable on the 22d September following. On the 22d March, 1856, twelve days after the date of the note and six months before its maturity, the plaintiff caused the steamer to be attached, on the ground that the defendant was a non-resident and was about to remove the said boat out of the State of Louisiana, before the note should become due. Upon a rule taken for that purpose, there was a judgment setting aside the attachment, from which judgment the plaintiff has appealed.

The only question which it is necessary to determine, is whether the nature of the contract was one which made it an exception to the general rule regulating attachments based upon unmatured obligations. It may be assumed that the allegations of the petition, supported by the plaintiff's affidavit, are such as bring the case within the letter of the law, authorizing an attachment, but there is no allegation of fraud or bad faith on the part of the defendant, and it is shown that, at the date of the seizure, the defendant had made arrangements for the employment of the vessel permanently in a trade confined exclusively to the waters of the State. Apart from this, however, we think that on every sale of a seaworthy steamer where time is given for the payment of the price, it must have been in contemplation of the parties that the vessel was to be employed in navigation; and even if that navigation extended beyond the waters of the State, it would, in the absence of any allegation of fraud or insolvency, be a breach of faith to interrupt an employment from which it was anticipated that the purchaser would derive the means of meeting his engagements.

We think, as was ruled in the case of *Russel* v. *Wilson*, 18 La. 367, "that it would be unreasonable to extend the application of the Act of 1826, to a species of property which from its nature and destination must necessarily be taken out of the State, and which the creditors of the owner could not have believed would remain continually within its limits." By selling property of this kind upon terms of credit, there is an implied permission on the part of the vendor, as incident to the contract, that it may be employed in accordance with its destination in whatever manner may be most remunerative to the owner, and the plaintiff cannot be permitted before the maturity of his demand, to interrupt such use of the vessel as must have been in contemplation of both parties at the time the sale was effected.

Judgment affirmed.